UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ MARTELL GREEN, #984338, )
      Plaintiff, )
       ) No. 1:19-cv-996
-v- )
       ) HONORABLE PAUL L. MALONEY
RANDEE REWERTS, )
      Defendant. )
       )

### ORDER

This is a habeas corpus action brought by state prisoner Cortez Green. The matter is now before the Court on Green's objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Sally J. Berens (R&R ECF No. 7; Objection ECF No. 12). For the reasons to be stated, the Court will overrule the objections and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Green brings three objections, which the Court will address in the order presented. First, he argues that Magistrate Judge Berens erred by finding that no *Brady*[1] violation exists: Green argues that the surveillance videos do not exist, so they could not have been turned over to his counsel. This is contrary to the record: at least one video was played at the preliminary examination (*see* ECF No. 6-2 at PageID.157). The videos exist and the prosecutor stated on the record that they were disclosed to Green consistent with *Brady* (*see id.* at PageID.155-56). Green's second argument is that his trial counsel was ineffective because he never viewed the videos in question. Again, this is belied by the record evidence: trial counsel acknowledged that he "obviously" watched the video (*Id.* at PageID.155). Third and finally, Green argues that his appellate counsel was ineffective because appellate counsel never viewed the surveillance tapes in question. This is belied by Green's own petition, which acknowledges that appellate counsel obtained a copy of the surveillance video in at least three places (*see* ECF No. 1 at PageID.6, 8, 11).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

None of Green's objections are grounded in fact. The Court finds no error in Magistrate Judge Berens' opinion. The objections will be overruled and the R&R will be adopted as the opinion of the Court.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the February 3, 2021 R&R (ECF No. 7) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objections (ECF No. 12) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the habeas corpus petition (ECF No. 1) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** May 27, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

3